Manjeet SINGH, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–74673.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 3, 2009.

Tsz–Hai Huang, Rai & Associates, P.C., Hardeep Singh Rai, Indus Law Group LLP, San Francisco, CA, for Petitioner.

Kristina Rencic Sracic, Gregory Darrell Mack, Esquire, Senior Litigation Counsel, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Manjeet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003), and we deny the petition for review.

Even if Singh credibly established past persecution, substantial evidence supports the BIA's determination that the govern-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment rebutted Singh's presumption of a well-founded fear of future persecution by demonstrating that country conditions in India changed significantly since his departure. *See Sowe v. Mukasey,* 538 F.3d 1281, 1285–86 (9th Cir.2008). The agency rationally construed the country reports in the record and provided a sufficiently individualized analysis of Singh's situation. *See Gonzalez–Hernandez,* 336 F.3d at 1000.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Sowe,* 538 F.3d at 1288.

Finally, substantial evidence supports the IJ's denial of CAT relief based on the changed country conditions. *See id.* at 1288–89.

**PETITION FOR REVIEW DENIED.**